**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4671**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

       v.

KELVIN BERNARD BADGER, a/k/a K-Badge,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:06-cr-01254-MBS-1)

_____

Submitted:  August 30, 2011      Decided:  September 9, 2011

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

J. Christopher Mills, J. CHRISTOPHER MILLS, LLC, Columbia, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, John David Rowell, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Bernard Badger appeals his life sentence following his jury conviction of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006) ("Count One"); and one count of possession with intent to distribute cocaine, marijuana, and crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A), (C), (D) (West 1999 & Supp. 2011) ("Count Two"). On appeal, counsel filed a brief arguing that the district court plainly erred in admitting a firearm seized from Badger's vehicle on Count One and, in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal on Count Two but questioning whether the district court plainly erred in admitting drug evidence and whether the district court imposed an unreasonable sentence. Badger was advised of his right to file a pro se brief, but has not done so. We ordered supplemental briefing to address whether the district court erred in admitting the firearm. Finding no reversible error, we affirm.

Badger first argues that the district court plainly erred in admitting the firearm. As the parties acknowledge, we review this unpreserved claim for plain error. United States v. Wilkerson, 84 F.3d 692, 694 (4th Cir. 1996). In enforcing the Fourth Amendment's "guarantees of sanctity of the home and

2

inviolability of the person," the exclusionary rule operates to require the suppression of evidence that is the fruit of unlawful police conduct. Wong Sun v. United States, 371 U.S. 471, 484 (1963). However, evidence obtained during a search conducted in good-faith reliance on then—binding Circuit precedent is not subject to the exclusionary rule. United States v. Wilks, __ F.3d __, 2011 WL 3199665, at *4 (4th Cir. July 28, 2011) (citing United States v. Davis, 131 S. Ct. 2419, 2429 (2011)).

In New York v. Belton, 453 U.S. 454, 459-60 (1981), the Supreme Court held that a police officer does not violate the Fourth Amendment when he searches the passenger compartment of an automobile subsequent to a lawful custodial arrest. In 2009, however, the Supreme Court in Arizona v. Gant, 129 S. Ct. 1710 (2009), clarified and limited Belton by holding that police may conduct an automobile search incident to a lawful arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment or when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." 129 S. Ct. at 1719.

Here, the gun was seized pursuant to an unlawful warrantless search of the vehicle under Gant; the search was conducted after Badger was already detained and outside reaching distance of the truck bed, and it was not reasonable to believe

3

that evidence of Badger's reckless driving — the offense for which he was arrested — would be found in the truck. Nonetheless, we hold that the district court did not err in admitting the evidence. Police searched Badger's vehicle on March 29, 2006, almost three years before Gant was decided and pursuant to our interpretation of Belton, which authorized an automobile search incident to a recent occupant's arrest. See United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995). Thus, we hold that the exclusionary rule does not apply to the evidence seized during the arrest.

Badger also questions whether the district court erred in admitting drug evidence because, he alleges, it was the fruit of an unlawful seizure. Because Badger failed to move to suppress the evidence, we review this claim as well for plain error. See Wilkerson, 84 F.3d at 694. A person is not seized for Fourth Amendment purposes until he is subject to physical force or submits to the assertion of authority. California v. Hodari D., 499 U.S. 621, 626 (1991). Badger did not submit to the assertion of authority but fled, disposing of the drugs along the way. Therefore, the drugs were not the fruit of a seizure, and the district court did not err in admitting them. See id. at 628-29; United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005).

4

Finally, counsel questions whether Badger's sentence is reasonable. We review a sentence under an abuse of discretion standard, assessing it for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2008). We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Badger. Badger was sentenced to the mandatory minimum terms of imprisonment under the statutes of conviction. Accordingly, because the district court had no discretion to impose a lower sentence, see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), Badger's sentence is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Badger's convictions and the oral sentence imposed at the sentencing hearing. However, we remand the case to the district court for correction of a clerical omission in the criminal judgment. See Fed. R. Crim. P. 36. The current judgment does not indicate that Badger is subject to sentence pursuant to 21 U.S.C.A. § 841(b)(1)(A), as the district court stated in open court at sentencing. Thus, we remand the case to the district court with instructions to correct the written judgment to reference 21 U.S.C.A. § 841(b)(1)(A).

This court requires that counsel inform Badger, in writing, of his right to petition the Supreme Court of the United States for further review. If Badger requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Badger. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED